IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. BRANDON HENNESSEE, an Individual, and <br> 2. RON RESAR, d/b/a COWPOKES WRECKING SERVICE, <br><br>    Plaintiffs, <br><br> v. <br><br> 1. NEW PRIME, INC., and <br> 2. STEVON D. PARKER, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> 21-cv-022-CVE-CDL |

## NOTICE OF REMOVAL

COME NOW the Defendants, New Prime, Inc. and Stevon D. Parker, ("Defendants"), by and through their counsel of record, Charles H. Moody and Ryan D. Ensley of the law firm Rodolf & Todd, and hereby give notice of removal of this civil action, which is currently pending in the District Court of Creek County, Oklahoma as Case No. CJ-2020-292, to the United States District Court for the Northern District of Oklahoma. This action is removable under 28 U.S.C. §§ 1332, 1441, and 1446 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are diverse.

## STATEMENT OF THE CASE

This case involves a trucking accident. Plaintiff Brandon Hennessee, ("Hennessee") a citizen and resident of Cleveland County, State of Oklahoma, filed his case on December 18, 2020, in the Creek County District Court. (*Plaintiffs' Petition*, Exh. "A") According to the Petition, on July 15, 2019, on 1-44 westbound near mile marker 186 in Creek County Oklahoma, Hennessee, while driving a vehicle owned by Plaintiff Ron Resar, collided with a truck driven by Defendant Stevon D. Parker, who was driving a semi tractor-trailer on behalf of Prime, Inc. Plaintiff Ron

Resar ("Resar") is a citizen and resident of Oklahoma County, State of Oklahoma. Defendant Stevon Dr. Parker ("Parker") is a resident of Saint Louis County, State of Missouri. Defendant New Prime, Inc. ("Prime") is a Nebraska corporation with its principal place of business in Missouri. Defendants deny Plaintiffs' allegations of negligence.

Summons was issued for both Defendants on December 18, 2020. On or about December 22, 2020, Defendant Prime was served with Plaintiffs' *Petition*. It is unclear on what date Defendant Parker was served. Plaintiffs have not filed the *Summons.* (Docket sheet, Exh. "B ") As set forth below, this case invokes federal diversity jurisdiction which warrants removal to federal district court. In support hereof, Defendants would show the Court as follows:

## GROUNDS FOR REMOVAL

This action is removable because it is a civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Specifically, this Court has jurisdiction under 28 U.S.C. § 1332(a)(2), which confers "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of a State and citizens or subjects of a foreign state."

**I.    AMOUNT IN CONTROVERSY**

Defendants have a good faith belief that the amount in controversy in this case exceeds the sum of $75,000, exclusive of interests of costs. Plaintiff Hennessee claims that he sustained "serious personal injuries", "incurred past and may incur future medical expenses." (Petition, ¶3, Exh. "A"). Plaintiff Resar also alleges damage to his vehicle, a tow truck. (Petition, ¶3, Exh. "A", Photo, Exh. "C") "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). "[A]

defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required…only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 554.  Because Plaintiffs' *Petition* sets forth claims for serious personal injuries, medical expenses and vehicle damage, Defendants assert that the amount in controversy is well over $75,000 and sufficient to invoke federal court jurisdiction.

## II. DIVERSITY OF CITIZENSHIP

Plaintiff Hennessee resides in and is a citizen of Cleveland County, Oklahoma. (Exh. "A") Plaintiff Resar resides in and is a citizen of Oklahoma County, Oklahoma  (Exh. "A") At the time of filing this action through the present date, Prime is a corporation incorporated in Nebraska with its principal place of business in Missouri.  (*Nebraska Secretary of State Entity Summary*, Exh. "D")  Thus, pursuant to 28 U.S.C. § 1332(c)(1), Prime is a citizen of Nebraska and Missouri for diversity purposes. Parker is a resident and citizen of Missouri.  (Exh. "A")  Therefore, diversity of citizenship clearly exists between Plaintiffs (citizens of Oklahoma) on one side and Prime (a citizen of Nebraska and Missouri) and Parker  (a citizen of Missouri) on the other.  As such, federal court jurisdiction is invoked.  *See* 28 U.S.C. § 1332(a)(2)

## III. PROCEDURAL REQUIREMENTS

All of the procedural requirements have been met for removal.  This *Notice of Removal* is timely filed under 28 U.S.C. § 1446(b)(2)(B), which provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons…to file the notice of removal."  Prime was served on December 22, 2020, and therefore has until January 21, 2021, to remove this case.  Moreover, this action is properly removed to the United States District Court for the Northern District of Oklahoma, which "embrac[es] the place where such action is

pending." 28 U.S.C. §§ 1441(a) and 116(a).  Plaintiffs' counsel has been contacted and has no objection to the Removal.

As required by 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of all process, pleadings, and orders served upon Prime and Parker, as well as a copy of the state's docket sheet, is attached hereto.  *See Docket Sheet*, attached hereto as Exh "B"; *Summons*, Exh. "E"; Special Entry of Appearance, Exh. "F".  Additionally, pursuant to LCvR 81.2, a *Status Report on the Removed Action* will be filed within five (5) days of the filing of the notice of removal.  Finally, in accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a *Notice of Filing Notice of Removal* with a copy of the *Notice of Removal* attached, with the Clerk of the District Court of Creek County and send a copy of the same to Plaintiff.  A copy of the *Notice of Filing Notice of Removal*, absent its duplicative exhibits, is attached hereto as Exh "G".

Respectfully submitted,

/s/ Charles H. Moody
Charles H. Moody, OBA #17237
Ryan D. Ensley, OBA #31050
Leslie C. Weeks, OBA #16050
**RODOLF & TODD**
15 E. 5th Street, Sixth Floor
Tulsa, OK 74103-4014
(918) 295-2100
(918) 295-7800 facsimile
chad@rodolftodd.com
ryan@rodolftodd.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the _____ day of _____, 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

      I hereby certify that on the 19th day of January, 2021, I served the same document by U.S. Postal Service/**e-mail**/courier/hand delivery on the following, who are not registered participants of the ECF system:

Brian Putnam
**Putnam Law Office**
3801 NW 63rd Street
Oklahoma City, OK 73116
405-849-9149
bputnam@putnamlawoffice.com
*Attorney for Plaintiffs*

                                                    s/_____Charles H. Moody_____